# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

MONIQUE JEFFRIES                                                            PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:14CV-463-H

K.C.I.W.                                                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Monique Jeffries, proceeding *pro se*, *in forma pauperis* has filed a complaint (DN 1). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As a review of the complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the Court will dismiss the action.

### I.

Plaintiff sues the Kentucky Correctional Institution for Women (KCIW) "for all [her] pain and suffering and [her] deep depression" allegedly resulting from KCIW's refusal to allow her to attend the funeral service of her son. In her complaint, Plaintiff asserts as follows:

> I wasn't allowed to attend my son's funeral services. I wasn't given a good reason on why I wasn't allowed then at my time of need from family members and children they moved me all the way to Fredonia Ky didn't see me Through counseling are anything. Ive went in deep depression over this matter im on med's to cope with my lost and not being able to say my good-byes or see my son in his casket.

### II.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution and in statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see generally*, 28 U.S.C. §§ 1330-1364. Therefore, "[t]he first and fundamental question presented by every case brought

to the federal courts is whether it has jurisdiction to hear a case, even where the parties concede or do not raise or address the issue." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606-07 (6th Cir. 1998). Without jurisdiction, courts have no power to act. *Id.* at 606. The burden of establishing jurisdiction rests with the plaintiff. *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000); *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d at 606.

Plaintiff has failed to meet her burden. For instance, under 28 U.S.C. § 1332, the diversity-of-citizenship statute, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States; . . . ." There must be "complete diversity between the plaintiffs and defendants, i.e., 'diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff.'" *Medlen v. Estate of Meyers*, 273 F. App'x 464, 469 (6th Cir. 2008) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)) (emphasis in *Owen*). Plaintiff does not allege any amount in controversy. Further, according to the complaint, Plaintiff is a citizen of Kentucky, and Defendant is a Kentucky governmental entity. Thus, the complaint fails to satisfy the complete diversity-of-citizenship requirement. For these reasons, Plaintiff cannot bring any state-law claims by way of the federal diversity statute.

Additionally, under the federal-question statute, 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff does not allege any violation of the Constitution, laws or treaties of the United States. Nor is the Court aware of any authority under which Plaintiff may invoke the jurisdiction of this Court to remedy the wrong about which she complains. Thus, this Court does not have federal-question jurisdiction over this complaint.

Even if the Court were to construe Plaintiff's complaint as alleging a constitutional violation, her claim would fail. First, the law is clear that inmates have no constitutional right to leave prison to attend the funeral of a relative unless the state has created such a liberty interest. *Rathers v. Raney*, No. 99-6627, 2000 WL 1871702 (6th Cir. Dec. 13, 2000); *Lamb v. Burke*, No. 94-2196, 1995 WL 371648 (6th Cir. June 21, 1995); *Burks v. Harris*, No. 93-6579, 1995 WL 325688 (6th Cir. May 30, 1995); *McMullen v. Hambrick*, No. 93-5089, 1993 WL 302197 (6th Cir. Aug. 6, 1993); *McGee v. Grant*, No. 88-1842, 1988 WL 131414 (6th Cir. Dec. 9, 1988); *Lunsford v. Timmerman-Cooper*, No. 2:11CV-00733, 2012 WL 423763 (S.D. Ohio Feb. 9, 2012). This is not the case in Kentucky where an "extension of limits" for attendance at the funeral of a relative is within the discretion of the commissioner of the corrections cabinet. Ky. Rev. Stat. Ann. § 439.600(1)(a). Although unfortunate that Plaintiff was unable to attend the funeral of her son during her incarceration, she had no constitutional right to do so.

The second reason such a claim would fail is because Defendant[1] is immune from such an action. Under the Eleventh Amendment to the U.S. Constitution, a state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its immunity or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-47 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983,[2] Congress did not intend to override the traditional sovereign immunity of the states.

---

[1] The Kentucky Department of Corrections is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. Ann. § 12.020 and § 12.250. KCIW is an institution within the Kentucky Department of Corrections.

[2] Title 42 U.S.C. § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989).

*Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *See also Ferritto v. Ohio Dep't of Highway Safety*, No. 90-3475, 1991 WL 37824, at * 2 (6th Cir. Mar. 19, 1991) ("The Eleventh Amendment prohibits actions against states and state agencies under section 1983 and section 1985."); *Odom v. Ky. State Reformatory*, No. 3:09CV-P352-S, 2009 WL 1799125, at *1 (W.D. Ky. June 24, 2009) (stating that "state officials sued in their official capacities for damages and the Kentucky State Reformatory are absolutely immune from liability under the Eleventh Amendment to the United States Constitution"). Further, Defendant is not a "person" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). In fact, to do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III**.

Plaintiff having failed to establish this Court's jurisdiction, the instant action must be dismissed. The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
 Defendant
4412.003